IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARTIN PATINO,

        Plaintiff,

    v.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

        Defendant.

No. CIV S-05-1736 DAD

ORDER

_____/

        Plaintiff brought this action seeking judicial review of an administrative decision denying his claim for Supplemental Security Income under Title XVI of the Social Security Act. See 42 U.S.C. § 405(g). On March 22, 2007, the court issued an order reversing the decision of the Commissioner and remanding the action for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g). That decision was based upon the court's conclusion that the ALJ's credibility findings were insufficient to justify the rejection of plaintiff's statements regarding the severity of his symptoms and that the ALJ's use of the grids failed to sustain the Commissioner's burden of proving non-disability at step five of the sequential evaluation.

        Pending before the court is counsel's motion for an award of attorney fees and expenses under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d)(1). Counsel seeks an award of

1

$5,365.91 in attorney fees under the EAJA. Specifically, in the fee motion counsel claims 33.3 hours[1] of attorney time at the rate of $156.79 per hour in 2005, $161.85 per hour in 2006 and $165.86 per hour in 2007. Attorney fees under EAJA are set at the market rate, but capped at $125.00 per hour. See Atkins v. Apfel, 154 F.3d 986, 987 (9th Cir. 1998) (citing 28 U.S.C. § 2412(d)(2)(A)). Nonetheless, counsel for plaintiff seeks to recover fees at the adjusted rates listed above to account for inflation.

Defendant Commissioner opposes the motion on the grounds that the fee award sought is excessive and should be reduced accordingly. In this regard, the Commissioner argues that plaintiff has failed to meet his burden of showing that 33.3 hours was a reasonable amount of attorney time expended in order to achieve the outcome obtained in this case. Specifically, the Commissioner takes issue with the amount of time purportedly expended by plaintiff's counsel in drafting the complaint, responding to an order to show cause issued by the court, preparing a reply brief on the cross-motions for summary judgment and in preparing the pending fee motion.[2] Accordingly, the Commissioner argues that fees should be awarded in the reduced amount of $2,889.62. Finally, the Commissioner contends that any fees awarded must be paid directly to plaintiff and not to his counsel.

**ANALYSIS**

The EAJA provides that "a court shall award to a prevailing party ... fees and other expenses ... incurred by that party in any civil action ... brought by or against the United States ... unless the court finds that the position of the United States was substantially justified." 28 U.S.C. § 2412(d)(1)(A). See also Gisbrecht v. Barnhart, 535 U.S. 789, 796 (2002). "Fees and other expenses" include "reasonable attorney fees." 28 U.S.C. § 2412(d)(2)(A). The prevailing party must apply for attorney fees within thirty days of the final judgment in the action. 28 U.S.C. § 2412(d)(1)(B).

---

[1] These hours include work associated with the pending petition for attorney fees. See Love v. Reilly, 924 F.2d 1492, 1497 (9th Cir. 1991) (attorney fees for fee litigation appropriate under the EAJA).

[2] The Commissioner does not take issue with the hourly rates claimed by petitioner's counsel, which have been adjusted for increases in the cost of living.

A remand pursuant to sentence four of 42 U.S.C. § 405(g) has been found to constitute a final, appealable judgment. Shalala v. Schaefer, 509 U.S. 292, 296-302 (1993); see also Melkonyan v. Sullivan, 501 U.S. 89, 101-02 (1991). A party who obtains a sentence four remand in a social security case is a prevailing party for purposes of the EAJA. Schaefer, 509 U.S. at 302. It is therefore undisputed that plaintiff is a "prevailing party." It is also essentially undisputed that the position of the Commissioner was not "substantially justified," and that plaintiff did not "unduly and unreasonably" protract the litigation of the case. The petition for fees was also timely filed. Thus, the undersigned finds that counsel for plaintiff is entitled to an award of attorney fees.

With respect to the amount of attorney time claimed, 28 U.S.C. § 2412(d)(2)(A) expressly provides for an award of "reasonable" attorney fees. However, "there is more to deciding what is a 'reasonable' fee than calculating a reasonable expenditure of hours times a reasonable rate." Atkins, 154 F.3d at 989 (citing Hensley v. Eckhart, 461 U.S. 424 (1983)). The court must also consider "'the relationship between the amount of the fee awarded and the results obtained.'" Id. (quoting Hensley, 461 U.S. at 437.) In addition, "[t]he statute explicitly permits the court, in its discretion, to reduce the amount awarded to the prevailing party to the extent that the party 'unduly and unreasonably protracted' the final resolution of the case." Atkins, 154 F.3d at 987 (quoting 28 U.S.C. §§ 2412(d)(1)(C), 2412(d)(2)(D)).

Here, counsel secured a remand on behalf of his client following the resolution of cross-motions for summary judgment. Counsel requests a total fee in the amount of $5,365.91 based upon 33.3 hours of attorney time devoted to the matter. Despite the Commissioner's objections, the undersigned does not find the amount of time purportedly expended by plaintiff's counsel in drafting the complaint or in preparing the reply brief on the cross-motions for summary judgment to be excessive. However, the court agrees with the Commissioner that counsel should not be compensated for his mistake which made it necessary for him to respond to the Court's December 1, 2005, Order to Show Cause. The Commissioner argues that the amount of time expended by counsel should be reduced by the entire 5.8 hours expended by counsel in connection with the in forma pauperis

application and service issues. However, the court observes that much of the time expended by counsel in that regard would have been necessary despite counsel's oversight. Accordingly, the court finds that only 2 hours of time expended in 2005 should be deducted, representing a reduction in the fee of $313.58 (2 x $156.79). The court also agrees with the Commissioner that 4.4 hours of time is excessive for the EAJA fee claim filed in this case. The application is a routine, four-page application with a two page billing statement attached. A one hour reduction is appropriate in this regard resulting in a further reduction of $165.86. With these reductions, the EAJA fee award is $4,886.47 for 30.3 hours of attorney time.

Finally, as noted above, the Commissioner argues that any EAJA fees awarded must be paid directly to plaintiff as the prevailing party and not to his counsel. As the undersigned has previously recognized this is a relatively new position being taken by the Commissioner and one that "appears to be motivated by the government's recent ability, under the Department of the Treasury's Offset Program, to electronically track those persons owing federal debts and potentially to charge an offset against an EAJA attorney fee award paid directly to a prevailing claimant." Barber v. Astrue, Civ. S-00-1286 WBS DAD, 2008 WL 2705147, *6 (E.D. Cal. July 8, 2008) (quoting Garner v. Astrue, No. 06-CV-769C, 2008 WL 2357409, *1 (W.D.N.Y. June 4, 2008). In Dixon-Townsell v. Barnhart, 445 F. Supp. 2d 1283 (N.D. Okla. 2006), the district court granted the plaintiff's motion for relief pursuant to Rule 60 and amended the court's previous order to require payment of attorney fees to counsel rather than to the plaintiff because the plaintiff's EAJA fee award was completely offset by an amount the plaintiff owed for unpaid child support. 445 F. Supp. 2d at 1284.

The Tenth Circuit has abrogated Dixon-Townsell, holding that an EAJA attorney fee award is properly payable to the plaintiff, not to the plaintiff's attorney. Manning v. Astrue, 510 F.3d 1246, 1253 (10th Cir. 2007), cert. denied, ___ U.S.___, 129 S. Ct. 486 (2008). The Eleventh Circuit has reached the same conclusion. Reeves v. Astrue, 526 F.3d 732, 738 (11th Cir.) ("[O]ur analysis begins and ends with the unambiguous text of the statute: The EAJA means what it says, attorney's fees are awarded to the prevailing party, not to the prevailing party's attorney."), cert. denied, ___

U.S.___, 129 S. Ct. 724 (2008). However, the Eighth Circuit has disagreed, concluding that the EAJA attorney fees are awarded to the parties' attorney. Ratliff v. Astrue, 540 F.3d 800, 801 (8th Cir. 2008).

Some district courts within the Ninth Circuit have also concluded that an EAJA attorney fee award must be paid to the plaintiff rather than to the plaintiff's counsel. See, e.g., McCarty v. Astrue, 505 F. Supp. 2d 624, 631-32 (N.D. Cal. 2007) (holding that the attorney was not entitled to have the EAJA fee award paid directly to him and the award was subject to administrative offset by the Treasury Department); Shinn v. Astrue, No. 1:04-cv-6050 TAG, 2008 WL 2073980, at *8 (E.D. Cal. May 14, 2008) (holding that any fees granted pursuant to the EAJA should be provided to the plaintiff, not his attorney); Pulis v. Comm'r of Soc. Sec., No. CIV S-05-2088-LKK-CMK, 2008 WL 1899918, at *1-2 (E.D. Cal. Apr. 25, 2008) (denying plaintiff's motion to compel payment of EAJA attorney fees directly to counsel, absent evidence of a contractual agreement between plaintiff and counsel).

Other district courts in this Circuit have determined that an EAJA attorney fee award must be paid to the plaintiff's counsel. See McMahon v. Astrue, No. CV 07-14-PHX-MHM, 2008 WL 4183018, *8 (D. Az. Sept. 8, 2008) ("[T]he Court also finds that EAJA conversely allows, and indeed anticipates, that such fee awards will be directly payable to the plaintiff's attorney and not the plaintiff."); Barber, 2008 WL 2705147, at *7; Armstrong v. Astrue, Civ. S-00-1286 WBS DAD, 2008 WL 2705023, *3 (E.D. Cal. July 9, 2008) ("Making attorney fees payable to the attorney is not only the most reasonable interpretation of the EAJA but also the only interpretation that will avoid the result of thwarting Congress' intent to enable litigants to bring meritorious litigation."); Garner, 2008 WL 2357409 at *1 (finding that the "purpose of the EAJA is upheld if attorneys are encouraged to provide legal representation in Social Security cases with the promise of payment should the representation be successful"); Ali v. Gonzales, 486 F. Supp. 2d 1197, 1198 (W.D. Wash. 2007) (awarding EAJA attorney fees and ordering that the fees be made payable to plaintiff's pro bono counsel).

In Stephens v. Astrue, 539 F. Supp. 2d 802 (D. Md. 2008), the court granted multiple petitions for attorney fees and held that the award of EAJA attorney fees in each case was payable to the plaintiff's attorney, and not to the plaintiff. The court viewed the EAJA as a whole and construed §

2412(d)(1)(A) in harmony with other relevant sections of the EAJA. Id. at 805-07. Examining the legislative history of the EAJA and applying well established principles of statutory construction, the court concluded that "an interpretation of the EAJA that awards fees to counsel, rather than the prevailing party, best reflects Congress's goal of the statute – assuring the competent representation of persons challenging unreasonable government action." Id. at 807-08. "[W]ere the awards payable to prevailing parties, few attorneys would undertake representation of a Social Security claimant with debt obligations because the EAJA fee would be subject to seizure," and lack of representation would most likely to be most severe on appeal, where, in the absence of an EAJA award, counsel's payment under § 406(b) would depend on the plaintiff's eventual success on remand. Id. at 808. The Stephens decision gives careful consideration to the agency's prior administration of the EAJA provisions and engages in a comprehensive analysis of other fee shifting statutes. Id. at 808-21.

The undersigned finds that making attorney fees payable to the attorney is not only the most reasonable interpretation of the EAJA but also the only interpretation that will avoid the "absurd and unjust result" of thwarting Congress' intent to enable litigants to bring meritorious litigation. Id. at 821-22. See also Williams v. Comm'r of Soc. Sec., 549 F. Supp. 2d 613, 617-19 (D.N.J. 2008) (holding that EAJA attorney fees are to be paid directly to the claimant's attorney because paying fees directly to the claimant herself would frustrate the purpose of the EAJA). The court finds the reasoning of Stephens and Williams persuasive and will therefore order that plaintiff's EAJA award be made payable to plaintiff's attorney as requested.

**CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that plaintiff's June 20, 2007 motion for attorney fees (Doc. No. 24) pursuant to 28 U.S.C. § 2412 be granted in part. Specifically, plaintiff is awarded attorney fees pursuant to the EAJA in the amount of $4,886.47. Said fees shall be made

/////

/////

/////

payable to plaintiff's attorney, "James Hunt Miller, Attorney for Martin Patino" as payee and be sent to plaintiff's attorney at his address of record.

DATED: March 16, 2009.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:lg
patino1736.eajaattyfees