IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARTIN PATINO,

    Plaintiff,

v.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.
_____/

No. CIV S-05-1736 DAD

ORDER

On March 16, 2009, the court issued an order in the above-entitled action granting EAJA attorney's fees and directing that such fees be paid to plaintiff's counsel. In doing so, the court considered the relevant case authority and rejected the Commissioner's position that any EAJA fees awarded must be made payable to plaintiff so that they may be subject to an administrative offset by the federal government. On March 24, 2009, the Commissioner filed a motion for relief from judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure on the grounds that this aspect of the judgment reflected manifest errors of law. Essentially the only additional relevant authority provided by the Commissioner in the motion for relief from judgment was a reference to an unpublished order of the Ninth Circuit in Lozano v. Astrue, No. 06-15935 (9th Cir. Jul. 18, 2008). However, the Commissioner inadvertently failed to attach that unpublished order to the motion and the

order does not appear on the Ninth Circuit website as an unpublished disposition on the date of filing indicated by the Commissioner. In any event, while properly cited given its apparent date of filing, the unpublished order in Lozano has no precedential value and is not binding on this court. Ninth Circuit Rule 36-3(a).

Because the court finds none of the other arguments recently presented by the Commissioner with respect to this issue to be persuasive for the reasons set forth in the order of March 16, 2009, the court is inclined to deny the motion for relief from judgment. However, in the motion the Commissioner also states that,

> [i]f Plaintiff provides a signed affidavit stating that he assigns EAJA fees to his attorney, the Commissioner will waive strict compliance with the Anti-Assignment Act, 31 U.S.C. § 3727 (which governs any transfer of an interest in monies owed by the United States and specifies the procedures necessary for creating a valid assignment), and forego arguing that any EAJA fee awarded should be made payable to Plaintiff, rather than his attorney, in this case.

(Mem. filed Mar. 24, 2009 (Doc. No. 27) at 12, n.3.)

Because of the Commissioner's offer in this case, the court wishes to consider the position taken by plaintiff and his counsel in response thereto. Accordingly, IT IS HEREBY ORDERED that plaintiff's counsel shall file a response to the Commissioner's pending motion within ten days of the date of this order. A reply, if any is necessary, may be filed by the Commissioner within three days thereafter.

DATED: March 24, 2009.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:lg
patino1736.R59

2