IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARTIN PATINO,

        Plaintiff,

v.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

        Defendant.

No. CIV S-05-1736 DAD

ORDER

After reversing the decision of the Commissioner in this Social Security action and remanding the matter for rehearing, on March 17, 2009, the court filed an order in the above-entitled action granting EAJA attorney fees and directing that such fees be paid to plaintiff's counsel. In doing so, the court considered the relevant case authority and rejected the Commissioner's position that any EAJA fees awarded must be made payable to plaintiff so that they may be subject to an administrative offset by the federal government. On March 24, 2009, the Commissioner filed a timely motion for relief from judgment (Doc. No. 28) pursuant to Rule 59(e) of the Federal Rules of Civil Procedure on the grounds that the attorney fees aspect of the judgment reflected manifest errors of law.

The only additional relevant authority provided by the Commissioner in the motion for relief from judgment that had not been presented in connection with the motion for attorney fees was

1 the reference to an unpublished order of the Ninth Circuit in Lozano v. Astrue, No. 06-15935, 2008
2 WL 5875572 (9th Cir. Jul. 18, 2008).  As the undersigned noted, while properly cited given its
3 apparent date of filing, the unpublished order in Lozano has no precedential value and is not binding on
4 this court.  Ninth Circuit Rule 36-3(a).

In the motion for relief from judgment, however, the Commissioner also stated that,

> [i]f Plaintiff provides a signed affidavit stating that he assigns EAJA fees to his attorney, the Commissioner will waive strict compliance with the Anti-Assignment Act, 31 U.S.C. § 3727 (which governs any transfer of an interest in monies owed by the United States and specifies the procedures necessary for creating a valid assignment), and forego arguing that any EAJA fee awarded should be made payable to Plaintiff, rather than his attorney, in this case.

(Mem. filed Mar. 24, 2009 (Doc. No. 27) at 12, n.3.)  Because of the Commissioner's offer, the court inquired as to the position of plaintiff's counsel in response thereto.  On April 3, 2009, counsel for plaintiff filed his response, rejecting the Commissioner's offer to present an affidavit of assignment from his client.   On April 8, 2009, the Commissioner filed a reply in support of the motion for a modification of the order for payment of fees under EAJA.

"A motion for reconsideration under Rule 59(e) 'should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in controlling law.'"  McDowell v. Calderon, 197 F.3d 1253, 1255 (9th Cir. 1999) (en banc) (quoting 389 Orange St. Partners v. Arnold, 179 F.3d 656, 665 (9th Cir. 1999)), cert. denied 529 U.S. 1082 (2000).  See also School District No. 1 J, Multnomah County, Oregon v. AcandS, Inc., 5 F.3d 1255, 1262 (9th Cir. 1993) (an intervening change in the controlling law provides grounds for relief under Rule 59(e)); Turner v. Burlington Northern Santa Fe R.R. Co., 338 F.3d 1058, 1063 (9th Cir. 2003) (commission of some manifest error of law by the court justifies the granting of relief under Rule 59(e)); but see Hutchinson v. Staton, 994 F.2d 1076, 1081-82 (4th Cir. 1993) (mere disagreement with how the district court applied the applicable standard governing an attorney fees award does not support a motion to amend the judgment).

/////

1         Here, the Commissioner does not argue that newly discovered evidence or an intervening change of the law requires relief from judgment. Moreover, to the extent the Commissioner argues that a manifest error of law justifies the granting of relief under Rule 59(e), the court disagrees. Just as was the case when the court filed its order of March 17, 2009, there remains today a split of authority on the question of whether EAJA fee awards must be paid directly to the plaintiff as the prevailing party or whether such fees are properly awarded to the parties' attorney. (See Order filed March 17, 2009 (Doc. No. 26) at 4-6 (and cases cited therein)). The Ninth Circuit has not ruled on the issue in any published opinion and the district courts within the circuit remain split as well. (Id.). In short, the Commissioner has presented nothing that would justify the granting of relief under Rule 59(e).

        Accordingly, IT IS HEREBY ORDERED that defendant's March 24, 2009, motion for relief from judgment (Doc. No. 28) pursuant to Rule 59(e) of the Federal Rules of Civil Procedure is denied.

DATED: May 15, 2009.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

Ddad1/orders.socsec/patino1736.R59denied